[No. 9762.   Department Two. — May 22, 1888.]

## LLEWELLYN STEAM CONDENSER MANUFACTURING COMPANY, Respondent, v. GEORGE H. MALTER et al., Appellants.

Instructions — Assumption of Controverted Fact. — An instruction which assumes, as proved, a material fact in controversy, in regard to which the evidence is conflicting, is erroneous.

Id. — Goods Sold and Delivered — Purchase Price — Receipt and Acceptance — Evidence. — In an action for goods sold and delivered, *held,* that the evidence tended to show the price agreed to be paid for, and the receipt and acceptance of the goods.

Id. — Instructions — Commission. — In an action to recover for goods sold and delivered under a contract whereby the purchasers were entitled to a certain percentage of the purchase price as a commission, an instruction that the plaintiffs were entitled to recover the entire purchase price, ignoring all reference to the deduction of the commission, is erroneous.

Appeal from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

R. Percy Wright, and Flint & Stone, for Appellants.

Page & Eells, C. A. Webb, and J. H. B. Wilkins, for Respondent.

THORNTON, J.—This is an action for goods sold and delivered by plaintiff to defendants. The goods were two steam condensers or heaters. The original claim was for three condensers, but on the trial the claim for one of them was abandoned by plaintiff.

The trial was by jury, who found a verdict for plaintiff for eleven hundred dollars.

It is contended by appellants that there was no evidence respecting the price to be paid for either of the heaters, nor any evidence respecting their value.

We think there was some evidence of the price to be paid for the heaters. The plaintiffs had a list or schedule of prices for these heaters, $625 for one, and $475 for the other, and there was testimony tending to show that the contract was made with reference to those schedule prices. The defendants were to be allowed by plaintiff a commission of twenty per cent on taking and using these heaters, and this commission was to be computed on the schedule prices. No other prices were mentioned in the negotiation between the parties, and the commission could be computed alone on the prices set down in the schedule.

A like contention is made as to the evidence in regard to the receipt and acceptance of the heaters. An examination of the record shows that there was evidence tending to show such receipt and acceptance.

It is contended that the court erred in its charge to the jury in regard to the value of the heaters.

On this point the court, in its charge, used this language:—

"It is claimed by the plaintiff that one of these heaters, the forty-eight-inch heater, was worth $475, and a sixty-inch heater was worth $625. If you should conclude

that the plaintiff is entitled to recover for both of these, the result would be that he would be entitled to a verdict for eleven hundred dollars. If you should conclude that he was entitled to recover for only one, then your verdict would depend upon which you think they are entitled to; if the forty-eight-inch heater, your verdict should be for $475; if the sixty-inch, $625."

There was really no direct evidence of the value of the heaters. That is to say, no witness was asked or testified what the heaters, or either of them, was worth. The evidence tended to show that the defendants contracted with plaintiff with reference to a schedule in which the prices were set down as $475 for one heater and $625 for the other. But the evidence whether defendants agreed to pay these schedule prices was circumstantial. Such agreement was to be inferred from circumstances stated by a witness. With regard to the sixty-inch heater, Jones, who acted as an agent for plaintiff in making the contract, answered to the following questions as stated below:—

"Q. — What was the price agreed upon between yourself and Mr. Malter at that time?

"A.—Twenty per cent.

"Q.—What was the price of the heater?

"A—It was $625; that is the schedule price."

The witness further says that he agreed to pay them (the defendants) twenty per cent on the schedule prices of the heaters if they took them.

As to the forty-eight-inch heater, the following was the evidence as to the price: The witness Jones was asked: "Was any price agreed upon between yourself and Malter, Lind & Co. at time of the sale of this heater?" To which he answered: "Of course, they all knew the price of the heater was $475,—the forty-eight-inch one. That is the schedule price."

Now, in regard to both heaters, and clearly in regard to the forty-eight-inch heater, it may be mentioned that

the question whether plaintiffs and defendants contracted with regard to the prices named on the schedule, or did not contract with regard to such prices, was to be determined, and to be determined by the jury.

We do not regard this case as one where the evidence as to the price of the articles purchased is all one way; for Malter, the defendant, with whom Jones negotiated, states in his testimony that he never ordered or purchased a heater from Jones or the company he represented. This testimony should be regarded as a denial of the purchase and all its incidents.

We think that the court in that portion of the charge above quoted invaded the province of the jury, and took from it a question which, under the law, the jurors were to determine.

We are also of opinion that the court erred in ignoring in his charge the twenty per cent commission to which defendants were entitled on purchasing the heaters. This percentage should have been deducted from the price or value of the heaters, and the jury should have been directed to make this deduction in fixing the amount of their verdict.

The other portions of the charge excepted to are without error.

As the cause has to be reversed and sent to the court below for a new trial, we think it proper to say that on the new trial it will be the better course to admit the evidence which counsel for defendants proposed to offer on the cross-examination of the witness Jones, and which will be found stated on page 11 of the transcript. Such a course will conduce to a fair trial of the cause.

For the error above noted, the judgment and order must be reversed, and the cause remanded for a new trial.

So ordered.

Searls, C. J., and Sharpstein, J., concurred.

Hearing in Bank denied.